# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 12-15874 |
| | ) | |
| BRIAN ANDREW LINDSTROM, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |

## COVER SHEET FOR FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF <u>FIGLIULO & SILVERMAN, P.C. AS TRUSTEE'S COUNSEL</u>

**(Local Rule 5082-1(A))**

| | |
|---|---|
| Name of Applicant: | Figliulo & Silverman, P.C. |
| Authorized to Provide Professional Services to: | Michael K. Desmond, not individually but as Chapter 7 Trustee for the Estate of Brian A. Lindstrom |
| Date of Order Authorizing Employment: | December 6, 2012 [Dkt. 71] |
| Period of Which Compensation is Sought: | April 19, 2012 through September 5, 2014 (allowance and payment) |
| Amount of Fees Sought: | $11,762.50 |
| Amount of Expenses Sought: | $ 5.99 |

This is a(n):   Interim Application: _____    Final Application:   X

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| **Date Filed** | **Period Covered** | **Total Requested (Fees & Expenses)** | **Total Allowed (Fees & Expenses)** | **Fees & Expenses Previously Paid** |
|---|---|---|---|---|

<u>None</u>

Dated: October 7, 2014                    Respectfully submitted,

**FIGLIULO & SILVERMAN, P.C.**

By: /s/ William G. Cross

Peter A. Silverman (IL #6196081)
Michael K. Desmond (IL #6208809)
William G. Cross (IL #6299574)
FIGLIULO & SILVERMAN, P.C.
Ten South LaSalle Street
Suite 3600
Chicago, Illinois 60603
(312) 251-4600

Case 12-15874    Doc 89    Filed 10/07/14    Entered 10/07/14 12:32:07    Desc Main
Document      Page 2 of 14

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 12-15874 |
| | ) | |
| BRIAN ANDREW LINDSTROM, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF
COMPONENT COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
<u>FIGLIULO & SILVERMAN, P.C., AS TRUSTEE'S COUNSEL</u>**

Michael K. Desmond and the law firm of Figliulo & Silverman, P.C., collectively ("F&S"), counsel to Michael K. Desmond, not individually but as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Brian Andrew Lindstrom (the "Debtor"), pursuant to Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 5082-1 of the Bankruptcy Court for the Northern District of Illinois (the "Local Rules") requests the entry of an order allowing and paying a first and final award of compensation and reimbursement of expenses in the above-captioned case (the "Application").

In its Fee Application, F&S allowance and payment of final compensation of $11,762.50 for 43.8 hours of legal services rendered to the Trustee during the period April 19, 2012 through September 5, 2014 (the "Application Period"). In support of its Fee Application, F&S states as follows:

**<u>JURISDICTION AND VENUE</u>**

1.    This Court has jurisdiction to consider this First Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (M).

3. The statutory predicates for the relief requested herein are Sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 5082-1.

## INTRODUCTION

4. On April 19, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the U.S. Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Case").

5. Michael K. Desmond is the duly appointed and qualified Chapter 7 Trustee.

## BACKGROUND

6. On November 29, 2012, the Trustee filed a motion with this Court seeking to retain F&S as counsel to represent the Trustee in this bankruptcy case.

7. On December 6, 2012, the Court entered the *Order Granting Trustee's Application for Authority to Employ Counsel* [Dkt. 71], on the terms and conditions set forth in the motion. A true and correct copy of the Court's December 6, 2012 order is attached hereto as **Exhibit A**.

8. As set forth in the application, F&S is entitled to receive compensation on an hourly basis, which, as set forth in the application, are F&S's standard and customary hourly rates for work of this nature. Additionally, as set forth in the application, F&S is entitled to recover all expenses incurred in connection with its representation of the Trustee, including, but not limited to such expenses as filing fees, expert witness fees, deposition costs, transcripts, travel costs, copying costs, and courier charges. F&S's expenses will be reimbursed by the Debtor's bankruptcy estate out of the general funds of the estate subject to approval of this Court.

**LEGAL SERVICES PERFORMED BY F&S**

9. In connection with this case, F&S has negotiated with Debtor's counsel to identify and achieve the turnover of $27,807.08 in non-exempt property of the estate, and worked with special counsel retained by the Trustee to negotiate and resolve a pre-petition lawsuit resulting in an additional $25,000.00 paid to the estate. F&S also advised the Trustee with respect to current case law concerning the tax implications to the estate of the settlement of the lawsuit.

10. F&S seeks allowance and payment of final compensation of $11,762.50 for 43.8 hours of legal services rendered to the Trustee during the Application Period.

11. In light of the number of hours spent by F&S rendering legal services to the Trustee in this case and the amount recovered on behalf of the estate, F&S submits that the amount for sought for payment in this Application is fair reasonable.

12. Pursuant to Local Rule 5082-1(C), F&S has attached hereto as **Exhibit B** its detailed time records setting forth the date the work was performed, the attorney performing the work, a brief statement of the nature of the work, and the time expended and fee charged for the work described in the entry.

13. F&S is seeking the reimbursement of $5.99 in expenses incurred providing legal services to the Trustee during the Application Period.

14. Accordingly, pursuant to Local Rule 5082-1(B)(2), F&S seeks the allowance and payment of compensation of $11,762.50 and reimbursement of expenses in the amount of $5.99 for the legal services rendered to the Trustee during the Application Period.

## **NARRATIVE SUMMARY**

*(LOCAL RULE 5082-1(B))*

15. <u>Local Rule 5082-1(B)(1)(a)</u> – During the Application Period, F&S performed a variety of services on the Trustee's behalf, which have been categorized into principal activities. A summary list of these principal activities and the total compensation requested in connection with each is as follows:

| Task | Hours | Fees |
|---|---|---|
| Retention of Professionals | 7.40 | $1,850.00 |
| Settlement of State Court Claims | 14.40 | $3,600.00 |
| Turnover of Funds | 5.90 | $1,475.00 |
| Legal Research | 2.30 | $ 575.00 |
| Motion to Lift Stay | 2.70 | $ 675.00 |
| Extension of Time to Object to Discharge | 3.60 | $ 900.00 |
| Application for Compensation | 7.50 | $2,687.50 |
| Total | 43.80 | 11,762.50 |

16. <u>Local Rule 5082-1(B)(1)(b)</u> – Narrative summaries of F&S's principal activities follow, including details as to individual tasks performed within each activity:

   (a) <u>Retention of Professionals</u> - The services under this task primarily consisted of drafting and filing motions to employ bankruptcy counsel for the Trustee and special counsel to handle the state court litigation. In connection with these services, F&S expended 7.4 hours and incurred $1,850.00 in fees during the Application Period.

   (b) <u>Settlement of State Court Claims</u> **-** The services under this task consisted of reviewing state court pleadings, analyzing pending claim owned by the Debtor against a third-party, appearing in state court proceedings related to the claim, conferring with special counsel, negotiation of settlement and seeking approval of settlement with Bankruptcy Court. F&S expended 14.4 hours and incurred $3,600.00 in fees during the Application Period.

4

    **(c)** Turnover of Funds – The services under this task primarily consisted of reviewing bank account documents and negotiation with Debtor's counsel and Chase Bank for turnover of funds. In connection with these services, F&S expended 5.9 hours and incurred $1,475.00 in fees during the Application Period.

    (d) Legal Research – The services under this task consisted of researching avoidance of settlement payments, tax issues and whether security deposits were property of bankruptcy estate. In connection with these services, F&S expended 2.3 hours and incurred $575.00 in fees during the Application Period.

    (e) Motion to Lift Stay– The services under this task primarily consisted of reviewing and analyzing motions to lift stay and motions to compel Trustee to abandon property, and court appearances regarding the same. In connection with these services, F&S expended 2.7 hours and incurred $675.00 in fees during the Application Period.

    (f) Extension of Time to Object to Discharge - The services under this task consisted of drafting two motions to extend the time to object to the Debtor's discharge and court appearances related to both motions. In connection with these services, F&S expended 3.60 hours and incurred $900.00 in fees during the Application Period.

17.    Local Rule 5082-1(B)(1)(c) – By this Application, F&S seeks compensation of $2,687.50 for 7.5 hours of legal services in connection with the preparation of this Application.

18.    Local Rule 5082-1(B)(1)(d) – A chart listing the name and position of each person with F&S who performed work on each task and activity, the approximate hours worked, and the total compensation sought for each person's work is attached as **Exhibit C**.

19.    Local Rule 5082-1(B)(1)(e) – The chart attached as **Exhibit D** also sets forth the hourly rate for each professional and paraprofessional for whom compensation is requested, with the total number of hours expended by each person and the total compensation sought for each.

20.    Local Rule 5082-1(B)(1)(f) – This is the first and final Application filed by F&S for compensation and reimbursement of expenses.

21.    Local Rule 5082-1(B)(1)(g) –F&S seeks the reimbursement of actual, necessary out of pocket expenses totaling $5.99. A breakdown of each type of expense is included on schedule attached hereto as attached as **Exhibit B**. To summarize them here, the expenses

5

incurred by F&S primarily related to the following: postage and delivery charges that were incurred in the service of pleadings.

22. All of the expenses for which F&S seeks reimbursement were actually incurred by F&S, were necessary for the proper representation of the Trustee in this case, and were specifically allocated to the Trustee's case. None of the expenses represents general overhead or other expenses unrelated to this case.

23. Local Rule 5082-1(B)(2) – F&S seeks the allowance and payment of compensation of $11,762.50 for 43.8 hours of legal services rendered to the Debtor and reimbursement of expenses of $5.99 incurred in connection with those services during the Application Period.

**DETAILED STATEMENT OF SERVICES**
*(LOCAL RULE 5082-1(C))*

24. The Bankruptcy Rules require "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate [to] file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a). The Local Rules permit "[t]he applicant's detailed time records [to] constitute the detailed statement required by Fed. R. Bankr. P. 2016(a). Such statement must be divided by task and activity to match those set forth in the narrative description. Each time entry must state: (1) the date the work was performed, (2) the name of the person performing the work, (3) a brief statement of the nature of the work, (4) the time expended on the work in increments of tenth of an hour, and (5) the fee charged for the work described in the entry." Local R. 5082-1(C).

25. The time detail attached as **Exhibit C** comply with the requirements of Bankruptcy Rule 2016(a) and Local Rule 5082-1(C), because all time is divided by tasks and

activities that match the narrative descriptions in this Application, and all time entries state the date of the work, name of person performing the work, a brief description of the nature of the work, the time expended on the work in increments of tenth of an hour, and the fee charged for the work described.

## BASIS FOR RELIEF

26. Pursuant to Sections 330 and 331 of the Bankruptcy Code and the generally applicable criteria with respect to time, nature, extent, and value of services performed, all of F&S's services are compensable and the compensation requested is fair and reasonable. All of the legal services performed by F&S during the Application Period were required for the proper representation of the Trustee in this bankruptcy case.

27. The compensation sought by F&S in this Application is for ordinary and necessary services rendered to the Trustee, and the fees sought are reasonable.

28. In light of the number of hours spent by F&S rendering legal services to the Trustee in this case and the amount recovered on behalf of the estate, F&S submits that the amount for sought for payment in this Application is fair reasonable.

29. F&S prepared this Application in accordance with the guidelines established by Bankruptcy Rule 2016, Local Rule 5082-1, and this Court. In addition to services provided directly for the benefit of the estate, F&S is also entitled to receive compensation for the preparation of this Application. *Pettibone*, 74 B.R. at 304.

30. Although the Court has discretion in reviewing a fee petition, it should exercise its discretion with care and fairness in order to promote the goal of inducing competent and capable attorneys to practice in the bankruptcy court. *See Pettibone*, 74 B.R. at 306. F&S has at all times acted specifically in the best interests of the Debtor and its estate. All services performed by F&S

7

and all expenses incurred were reasonable and necessary and for the benefit of the Debtor's bankruptcy estate.

31.     F&S has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by F&S for services rendered to the Trustee in this case.

## **NOTICE**

32.     F&S has provided at least twenty-one days' notice of this Application to all parties registered with CM/ECF in this case, including Debtor, Debtor's counsel, and the Office of the United States Trustee. Additionally, F&S has served paper copies of a notice of hearing on this Application by first class U.S. mail on all creditors on the mailing matrix in this case, which identifies F&S as the applicant, states the amounts requested in the Application, and provides contact information for any party to request a copy of the Application free of charge.

WHEREFORE, Figliulo & Silverman, P,C. respectfully requests that this Court enter an order:

(a)     Granting the relief requested in this Application;

(b)     Granting F&S's request to limit notice as set forth above and finding that the Notice of the Hearing on this Application was sufficient;

(c)     Allowing F&S's fees in the amount of $11,762.50 for the legal services to the Trustee between April 19, 2012 through September 5, 2014;

(d)     Allowing reimbursement of expenses in the amount of $5.99;

(e)     Authorizing and directing the Trustee to pay to F&S $11,762.50 as compensation for the legal services rendered to the Trustee, and reimbursement of expenses in the amount of $5.99 between April 19, 2012 through September 5, 2014; and

(f)     Granting such other relief as this Court deems necessary or appropriate.

8

Dated: October 7, 2014

**FIGLIULO & SILVERMAN, P.C.**

By: /s/ William G. Cross

Peter A. Silverman (IL #6196081)
Michael K. Desmond (IL #6208809)
William G. Cross (IL #6299574)
FIGLIULO & SILVERMAN, P.C.
Ten South LaSalle Street
Suite 3600
Chicago, Illinois 60603
(312) 251-4600

# **CERTIFICATE OF SERVICE**

      I, William G. Cross, the undersigned attorney, hereby certify that on October 7, 2014, I electronically filed the **First and Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Figliulo & Silverman, P.C.** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following individuals:

                                                                                  */s/ William G. Cross*

## **VIA ELECTRONIC NOTICE**
- Christopher M Brown     northerndistrict@atty-pierce.com, cbrown@atty-pierce.com
- Edmond M Burke     eburke@chuhak.com
- Joseph E Cohen     jcohen@cohenandkrol.com, jcohenattorney@gmail.com;gkrol@cohenandkrol.com;jneiman@cohenandkrol.com;trotman@cohenandkrol.com
- William Cross     wcross@fslegal.com
- Michael K Desmond     mkd.trustee@fslegal.com, IL23@ecfcbis.com
- Michael K Desmond     mdesmond@fslegal.com, dorisbay@fslegal.com
- Joel P Fonferko     ND-One@il.cslegal.com
- Adam B Goodman     adam@thegoodmanlawoffices.com
- E. Philip Groben     pgroben@cohenandkrol.com, trotman@cohenandkrol.com;pmchugh@cohenandkrol.com
- Patrick S Layng     USTPRegion11.ES.ECF@usdoj.gov
- Annie W Lopez     alopez@fal-illinois.com
- Andrew J Nelson     anelson@atty-pierce.com, northerndistrict@atty-pierce.com
- Christopher H Purcell     shermlaw13@aol.com
- Timothy R Yueill     timothyy@nevellaw.com

## **VIA U.S. MAIL**

| | | |
|---|---|---|
| Brian Andrew Lindstrom<br>3426 North Damen Avenue<br>Chicago, IL 60618-6106 | Goodman Law Offices LLC<br>Adam Goodman<br>105 West Madison Street #1500<br>Chicago IL 60602-4602 | NORTHBROOK BANK & TRUST<br>c/o Edmond M. Burke, Chuhak &<br>Tecson, P.<br>30 South Wacker Drive<br>Suite 2600<br>Chicago, IL 60606-7512 |
| Amcore<br>P.O. Box 1537<br>Rockford, IL 61110-0037 | Harris Bank<br>POB 1537<br>Rockford IL 61110-0037 | American Express<br>Box 0001<br>Los Angeles, CA 90096-8000 |
| American Express Bank, FSB<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Illinois Department Of Revenue<br>Bankruptcy Section<br>P.O. Box 64338<br>Chicago, IL 60664-0338 | Anderson & Moore PC<br>111 W Washington St Ste 1100<br>Chicago, IL 60602-2705 |
| Bayview Bank<br>4425 Ponce de Leon Blvd., 4th Floor<br>Miami, FL 33146-1873 | James D. Cherry<br>4846 N. Paulina Street #1W<br>Chicago, IL 60640-4146 | Carlo Palladinetti<br>4024 W. Montrose Ave.<br>Chicago, IL 60641-2140 |

Chase
P.O. Box 469030
Denver, CO 80246-9030

Citibank, NA
P.O. Box 790110
Saint Louis, MO 63179-0110

Cohen, Cohen & Salk
630 Dundee Rd; #120
Northbrook, IL 60062-2749

Department of the Treasury
Internal Revenue Service
PO Box 7346
Philadelphia PA 19101-7346

Ed Bauernfreund
3452 N. Damen Ave.
Chicago, IL 60618-6106

F. Robert Ness
1601 W. School St., #403
Chicago, IL 60657-2174

Ford Credit Nat'l Bankruptcy Svc Center
PO Box 6275
Dearborn MI 48121-6275

Glenda Young
301 Denard St
Austin TX 78751

Joseph E Cohen
Cohen & Krol
105 West Madison Suite 1100
Chicago, IL 60602-4600

E. Philip Groben
Cohen and Krol
105 W. Madison St., Suite 1100
Chicago, IL 60602-4600

Kickin' Company
2142 W. Roscoe
Unit D
Chicago, IL 60618-6286

Konika Minolta
500 W. Madison St.
Chicago, IL 60661-4544

Laura Elliott
202 Laurel Creek Drive
Chesterton, IN 46304-9615

Joel Brown - Ripple Tax
2250 W. Melrose
Chicago, IL 60618-6316

Joseph McNerney
1203 Gilpin Ave
Wilmington DE 19806-5101

Karen Bradley
1503 West Ardmore
Unit 1
Chicago, IL 60660-4218

Harris Bank (succesor to Amcore)
PO Box 1537
Rockford IL 61110-0037

Hauselman, Rappin & Olswang
39 S. LaSalle St.
Chicago, IL 60603-1720

Italo Paredes c/o Sandy Sobenes
Asst. Attorney General
100 W. Randolph Street, 13th Floor
Chicago, IL 60601-3397

Jeff Fuhrman
8529 Burkhart Road
Houston, TX 77055-7517

John Emerson & Malika Vilitz
1909 W. Barry #2
Chicago, IL 60657-2021

Northbrook Bank
1100 Waukegan Road
Northbrook, IL 60062-4663

Patrick McNerny
21598 Quail Court
Kildeer, IL 60047-7206

Pure Motion Chiropractic, Inc.
2144 West Roscoe Ave.
Unit A
Chicago, IL 60618-7798

Scott Solberg
603 Prairie Ave.
Barrington, IL 60010-4538

Tom Marco
1909 West Barry
Unit 1

Chase
P.O. Box 9001123
Louisville, KY 40290-1123

Citimortgage
P.O. Box 688948
Des Moines, IA 50368-8948

ComEd
P.O. Box 6111
Carol Stream, IL 60197-6111

Donald Moseley
5431 Lake Victoria Court
Flower Mound, TX 75022-8153

Eric Schneider
North Shore Community Bank
7800 Lincoln Ave
Skokie IL 60077-3643

Farm Credit Services of Mid-America
c/o Diane Osburn
3107 Comeford Rd-P.O. Box 1160
Valparaiso IN 46384-1160

Gary Vartabedian
6740 N Jean Avenue
Chicago IL 60646-1303

Wisconsin Department of Revenue
P.O. Box 930208
Milwaukee, WI 53293-0208

Juan Gonzalez
2952 N. Neenah
Chicago, IL 60634-4960

Kenneth Lindstrom
1214 Winners Cup Circle
Saint Charles, IL 60174-5842

Kluever and Platt, LLC
David C. Kluever and M. Reas Bowman
65 E. Wacker Place, Suite 2300
Chicago, IL 60601-7244

Larry Goodman
17 North Loomis
Unit 4 F
Chicago, IL 60607-1922

Mark Brown Photography
2144 West Roscoe
Unit B

11

Matthew Mitchell
9140 Waukegan Rd.
Morton Grove, IL 60053-2124

Mike Johnston
2320 W. Moffat
Chicago, IL 60647-5305

Nohea Cafe
2142 West Roscoe
Unit C
Chicago, IL 60618-6286

Remy, Vitale & Maines
1100 Jorie Boulevard, Suite 200
Oak Brook, IL 60523-2242

Chicago, IL 60657-2021

Wells Fargo
P.O. Box 660930
Carol Stream, IL 60197-5296

Tom Nelson
1074 Rockrose Court
Belvidere, IL 61008-7166

Stahl Cowen
55 W. Monroe St., Ste. 1200
Chicago, IL 60603-5127

Pierce & Associates, PC
1 N. Dearborn, # 1300
Chicago, IL 60602-4373

Chicago, IL 60618-7283

Mike Bauernfreund
159 Greenway Dr.
Bloomingdale, IL 60108-2026

Mike Nelson
11211 WALTON DRIVE
Roscoe, IL 61073-8125

North Shore Community Bank
7800 Lincoln Avenue
Skokie IL 60077-3643

Northwestern Mutual Life Ins Co
720 E Wisconsin Ave
Milwaukee WI 53202-4797

12